IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02833-BNB

JASON A. MONTGOMERY,

Applicant,

v.

SHERIFF GRAYSON ROBINSON,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Jason A. Montgomery, appears to be a pretrial detainee who currently is confined at the Arapahoe County Jail. He has filed *pro se* an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). As relief, he asks for his immediate release on bond pending the outcome of his trial in state court, and for dismissal of the charges pending against him.

The Court must construe the habeas corpus application liberally because Mr. Montgomery is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Montgomery alleges that he was arrested on state criminal charges, which are pending against him. As his first claim, he complains that he waived his right to a

preliminary hearing and that as of January 7, 2009, when he signed the amended application, no probable-cause hearing has been held in state court. As his second claim, he complains that he was arrested without probable cause. As his third claim, he alleges that he was not provided with a proper warning pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), during his post-arrest interrogation.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In the instant action, Mr. Montgomery is not demanding enforcement of his right to be brought to trial promptly. Instead, he merely asserts as his first claim that a probable cause hearing has not yet been held in state court.

In addition, "'federal courts should abstain from the exercise of [28 U.S.C. § 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). The issues Mr. Montgomery raises in claims two and three may be resolved by trial on the merits in state court.

Moreover, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing

2

an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Montgomery does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; ***Dolack v. Allenbrand***, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Montgomery ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action dismissed without prejudice.

DATED at Denver, Colorado, this 30 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02833-BNB

Jason A. Montgomery
Prisoner No. 200800012368
Arapahoe County Jail
7375 S. Potomac St
Centennial, CO 80112

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/30/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk