IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02833-BNB

JASON A. MONTGOMERY,

Applicant,

v.

SHERIFF GRAYSON ROBINSON,

Respondent.

___

AMENDED ORDER OF DISMISSAL

___

Applicant, Jason A. Montgomery, appears to be a pretrial detainee who currently is confined at the Arapahoe County Jail. On January 12, 2009, he filed *pro se* an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). As relief, he asked for his immediate release on bond pending the outcome of his trial in state court, and for dismissal of the charges pending against him.

On January 30, 2009, the Court dismissed the instant action, and entered judgment against Applicant and in favor of Respondent. On January 28, 2009, two days prior to the dismissal, Mr. Montgomery filed a second amended application. Therefore, the Court will reconsider the dismissal of the instant action in light of the second amended application filed on January 28.

The Court must construe the second amended habeas corpus application liberally because Mr. Montgomery is representing himself. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended application will be denied.

In the amended application filed on January 12, 2009, Mr. Montgomery alleged that he was arrested on state criminal charges, which are pending against him. As his first claim, he complained that he waived his right to a preliminary hearing and that as of January 7, 2009, when he signed the amended application, no probable-cause hearing had been held in state court. As his second claim, he complained that he was arrested without probable cause. As his third claim, he alleged that he was not provided with a proper warning pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), during his post-arrest interrogation.

In the second amended application filed on January 28, 2009, Mr. Montgomery again alleges that he was arrested on state criminal charges, which are pending against him. He asserts: (1) that his seizure, arrest, and detention are unlawful for lack of probable cause; (2) that the police searched his home without his consent; and (3) that he was not provided with a proper *Miranda* warning during his post-arrest interrogation. As relief, he asks to be brought before this Court for a determination as to the legality of his confinement. The claims asserted in the second amended application do not change the Court's decision that the instant action must be dismissed.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v.*

2

*30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In the second amended application, Mr. Montgomery is not demanding enforcement of his right to be brought to trial promptly.

In addition, "'federal courts should abstain from the exercise of [28 U.S.C. § 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). The issues Mr. Montgomery raises in his second amended application may be resolved by trial on the merits in state court.

Moreover, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Montgomery does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from

exercising jurisdiction pursuant to *Younger*.

If Mr. Montgomery ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the second amended habeas corpus application is denied, and the action dismissed without prejudice.

DATED at Denver, Colorado, this 4 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02833-BNB

Jason A. Montgomery
Prisoner No. 200800012368
Arapahoe County Jail
7375 S. Potomac St
Centennial, CO 80112

    I hereby certify that I have mailed a copy of the **AMENDED ORDER OF DISMISSAL AND AMENDED JUDGMENT** to the above-named individuals on 2/4/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk