IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02833-ZLW

JASON A. MONTGOMERY,

Applicant,

v.

SHERIFF GRAYSON ROBINSON,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -6 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the document titled "Amended Petition for Writ of Habeas Corpus" submitted to and filed with the Court *pro se* on February 18, 2009, by Applicant, Jason A. Montgomery. Mr. Montgomery, a Colorado state prisoner, seeks reconsideration of the February 4, 2009, amended dismissal order and amended judgment denying his second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the document liberally because Mr. Montgomery is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

On January 30, 2009, the Court denied the amended application and dismissed the action without prejudice because Mr. Montgomery was not demanding enforcement

of his right to be brought to trial promptly and because he failed to allege any facts indicating that he would suffer great and immediate irreparable injury if this Court failed to intervene in his ongoing, state-court, criminal proceedings. On February 4, 2009, the Court entered an amended dismissal order and judgment addressing the second amended application that Mr. Montgomery filed two days prior to the January 30, 2009, dismissal order and judgment. The Court denied the second amended application and dismissed the action for the same reasons the Court denied the amended application.

On February 18, 2009, Mr. Montgomery filed the document titled "Amended Petition for Writ of Habeas Corpus," which, as previously stated, the Court will treat as a motion to reconsider. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v.*

2

*Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The February 4, 2009, amended dismissal order and judgment denied the application and dismissed the action. The liberally construed motion to reconsider was filed on February 18, 2009. Applicant filed the motion to reconsider within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. However, in the liberally construed motion to reconsider, Mr. Montgomery raises new issues not originally raised in either his amended or second amended applications. Rather, quoting language contained in the original and amended dismissal orders, he now demands enforcement of his right to be brought to trial promptly and contends that he will suffer great and immediate irreparable injury in his personal life if this Court fails to intervene in his ongoing, state-court, criminal proceedings.

In the motion to reconsider, Mr. Montgomery fails to make any factual allegations indicating that he has exhausted all available state remedies as to his demand for enforcement of his right to be brought to trial promptly prior to initiating this action. *See* **Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-90 (1973). He also fails to allege facts indicating that he will suffer great and immediate irreparable injury in a legal sense. The Supreme Court has determined that:

> Certain types of injury, in particular the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger v. Harris*, 401 U.S. 37, 46 (1971). Mr. Montgomery does not assert a threat to his federally protected rights that cannot by eliminated by his defense against the charges pending against him in state court.

Upon consideration of the motion to reconsider and the entire file, the Court finds and concludes that Mr. Montgomery fails to demonstrate some reason why the Court should alter or amend the February 4, 2009, amended dismissal order and judgment in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Amended Petition for Writ of Habeas Corpus" submitted to and filed with the Court *pro se* on February 18, 2009, by Applicant, Jason A. Montgomery, and which the Court has construed liberally as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  5  day of  March , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02833-ZLW

Jason A. Montgomery
Prisoner No. 200800012368
Arapahoe County Jail
7375 S. Potomac St
Centennial, CO 80112

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/6/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk